CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
7/21/2020
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

**PHILADELPHIA INDEMNITY INSURANCE COMPAN,**
a Pennsylvania corporation,

                      **Plaintiff,**

  v.                                                                               Civil Action No.: 6:20CV00046

**TCM CONSTRUCTION, LLC**
**a Virginia limited liability company,**

       **SERVE:**     Ernest Nisser
                   Registered Agent
                   2807 Pamplin Road
                   Pamplin, VA, 23958
                   (County of Appomattox)

**ERNEST R. NISSER, JR.,**

       **SERVE:**     2807 Pamplin Road
                   Pamplin, VA, 23958
                   (County of Appomattox)

and

**ARTHUR F. BROOKSHIRE,**

       **SERVE:**     7247 Hixburg Road
                   Pamplin, VA 23958
                   (County of Appomattox)

                      **Defendants.**

## COMPLAINT FOR INDEMNITY

The plaintiff, Philadelphia Indemnity Insurance Company, by counsel, in accordance with Rule 3 of the *Federal Rules of Civil Procedure*, states the following as its Complaint for Indemnity (the "Complaint") against defendants TCM Construction, LLC, Ernest R. Nisser, Jr., and Arthur F. Brookshire.

## THE PARTIES

1. Philadelphia Indemnity Insurance Company ("PIIC") is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, where it also maintains its principal place of business. PIIC is duly authorized to engage in the surety business in the Commonwealth of Virginia and serves as a contract bond surety for TCM Construction, LLC.

2. Defendant TCM Construction, LLC ("TCM Construction") is and was, at all times pertinent to this proceeding, a limited liability company organized and existing under the laws of the Commonwealth of Virginia. TCM Construction maintains its principal place of business in the County of Appomattox, Virginia. Upon information and belief, all members of TCM Construction are citizens of the Commonwealth of Virginia.

3. Defendant Ernest R. Nisser, Jr. is and was, at all times pertinent to this proceeding, an individual citizen of the Commonwealth of Virginia who resides at 2807 Pamplin Road, Pamplin, Virginia 23958 (County of Appomattox).

4. Defendant, Arthur F. Brookshire is and was, at all times pertinent to this proceeding, an individual citizen of the Commonwealth of Virginia who resides at 7247 Hixburg Road, Pamplin, Virginia 23958 (County of Appomattox).

## JURISDICTION AND VENUE

5. This Court has diversity jurisdiction under the provisions of 28 U.S.C. § 1332 in that PIIC is a citizen of the Commonwealth of Pennsylvania and the defendants are citizens of the Commonwealth of Virginia. The amount in controversy exceeds $75,000, exclusive of costs and interest.

6. Venue in this Court is proper as it is specifically conferred by the provisions of 28 U.S.C. § 1391 because (a) TCM Construction is doing business in, (b) Mr. Nisser and Mr. Brookshire reside in, and (c) a substantial part of the events, acts and/or omissions giving rise to the claims raised by this Complaint occurred and continue to occur within this district and division.

## STATEMENT OF FACTS

7. In this Complaint, PIIC seeks to enforce its unconditional rights as surety under an indemnity agreement, and to compel the specific performance of the contractual obligations of TCM Construction, Mr. Nisser, and Mr. Brookshire to, among other things and upon demand, indemnify and save PIIC harmless by immediately reimbursing it for any and all losses, all in relation to contract payment and performance bonds it issued, as surety.

8. On or about August 11, 2017, TCM Construction, as principal and corporate indemnitor, and Mr. Nisser and Mr. Brookshire, in their individual capacities as personal indemnitors (TCM Construction, Mr. Nisser and Mr. Brookshire are sometimes collectively referred to as the ("Indemnitors")), executed a General Indemnity Agreement ("GIA"), a true and accurate copy of which is attached as Exhibit A and is incorporated by reference as if specifically set forth in this Complaint.

9. By executing the GIA, each of the Indemnitors, jointly and severally, agreed to the express indemnity and other provisions set forth in the GIA.

10. The GIA states that the Indemnitors agree, in pertinent part, to:

> defend, indemnify, and save harmless [PIIC] from and against any and all demands, liabilities, costs, penalties, obligations, interest damages and expenses of whatever nature or kind, including but not limited to attorneys' fees and costs, and fees that [PIIC] may sustain or incur . . . in investigation of claims or potential claims, adjustment of claims, procuring or attempting to procure the discharge of Bond, or

3

> attempting to recover losses or expenses from Indemnitors or third parties, whether [PIIC] shall have paid out, or anticipates paying out any such sums.

GIA, ¶ 1 (Exhibit A).

11. In reliance upon the terms and conditions of the GIA and the promises of the Indemnitors to indemnify and save it harmless from any and all losses, PIIC considered and approved the request of the Indemnitors for the issuance of the contact performance and payment bonds, and issued Bond Nos. CE10381100241, naming TCM Construction as principal and co-obligor, and the Commonwealth of Virginia Department of Transportation ("VDOT") as obligee (the "Bonds"). Copies of the Payment Bond and the Performance Bond are attached as Exhibits B and C, respectively.

12. The Bonds were issued in connection with TCM Construction's contractual obligations to VDOT on the VDOT Lynchburg District Shop Building Safety Stair Upgrades Project (Project # 501-A6501-035) (the "Project").

13. On or about July 13, 2018, VDOT issued its Notice of Termination for Cause terminating the right of TCM Construction to complete the Project.

14. PIIC first sought to use TCM Construction as its completion contractor, but VDOT declined to rescind its Notice and ultimately declined to consent to PIIC's use of TCM Construction as completion contractor, a decision VDOT was permitted to make under the Terms and Conditions of the Performance Bond.

15. As a result, PIIC entered into a Takeover Agreement with VDOT and a Completion Contract with Hancock Fuqua Robertson, Inc. t/a Robertson Construction. A copy of the Takeover Agreement is attached as Exhibit D. The Project has been completed.

16. PIIC also received and paid one payment bond claim for which the Indemnitors are

responsible. The claim was asserted by Bohling Steel, Inc. d/b/a Cavalier Steel ("Bohling Steel") in the amount of $11,051.24.

18.     On or about May 7, 2019, PIIC, through its counsel, demanded payment from the Indemnitors in the amount of $45,181.74 to reimburse it for (a) consultants' and attorneys' fees, costs and expenses then incurred to date, (b) internal costs and expenses incurred by PIIC, and (c) the satisfaction of the Bohling Steel payment bond claim. A copy of the May 7, 2019 letter is attached as Exhibit E.

19.     On or about May 9, 2019, PIIC , through its counsel, supplemented its demand with a request for two separate payments, including (a) $13,487.96 to reimburse PIIC for satisfying Robertson Construction's Pay Request No. 1 as the completion contractor and (b) $209,322.75, the balance of the Total Projected Loss, to collateralize their indemnity obligations. A copy of the May 9, 2019 letter is attached as Exhibit F.

20.     The Indemnitors failed to respond to or comply with the demands outlined in either the May 7, 2019 or May 9, 2019 letters, notwithstanding repeated promises to do so.

21.     On or about June 24, 2020, following completion of the Project, PIIC, through its counsel, sent an updated and final demand to the Indemnitors which included a Summary Loss Spreadsheet listing losses thus far incurred by PIIC.  As of June 3, 2020, the date the spreadsheet was printed, PIIC paid $456,305.37 to Robertson Construction as the completion contractor, collected $311,693.24 in remaining contract funds from VDOT resulting in a net loss of $144,612.13 under the Performance Bond, and expended another $74,542.05 to satisfy (a) consultants' fees, costs and expenses, (b) attorneys' fees, costs and expenses, (c) internal direct costs incurred by PIIC as noted in the letter of May 7, 2019, and (d) Bohling Steel, Inc's payment bond claim.  Collectively, the losses set forth in the spreadsheet and the accompanying invoices total

$219,154.18,. A copy of the June 24, 2020 letter is attached as Exhibit G.

22.     The Indemnitors have failed to respond to or comply with the demand asserted in the June 24, 2020 letter, notwithstanding a representation that they would do so.

23.     PIIC has fulfilled its obligations as TCM Construction's contract bond surety under the Bonds and, in doing so, has sustained losses under both of the Bonds and has incurred consultants' and attorneys' fees, costs and expenses, as well as other costs and expenses for which the Indemnitors are jointly and severally responsible.

23.     The Indemnitors have wholly failed and/or refused to honor their contractual obligations to collateralize, reimburse, and indemnify and hold PIIC harmless as required by the GIA and, therefore, have materially breached their obligations under the GIA, all to the detriment of PIIC.

## COUNT I
## BREACH OF CONTRACT

24.     PIIC restates and incorporates the allegations as set forth in ¶¶ 1 through 23 above as if specifically set forth in this paragraph.

25.     Under the terms and conditions of the GIA, the Indemnitors, jointly and severally, are obligated to comply with all of the terms and conditions of the GIA, including the obligation to furnish collateral upon demand, which they wholly failed to do, and to indemnify and save PIIC harmless from and against any and all liabilities, losses, damages, costs, charges, expenses, and consultants' and attorneys' fees incurred as a result of the issuance of any bond on behalf of TCM Construction.  The Indemnitors have wholly failed and/or refused to indemnify and save PIIC harmless.

26.     As a result of PIIC's issuance of the contract payment and performance bonds at the request of the Indemnitors, PIIC (a) incurred and paid to complete the Project under the

6

performance bond, (b) paid a claim under the payment bond, and (c) incurred and expects to incur additional attorneys' and/or consultants' fees, costs, and expenses.

27. The Indemnitors' failure and/or refusal to furnish collateral, and to indemnify and save PIIC harmless under the terms and conditions of the GIA constitute defaults under the GIA and material breaches of contract, the direct and natural result of which has caused PIIC to sustain significant damages.

WHEREFORE, PIIC seeks judgment against TCM Construction, LLC, Ernest R. Nisser, Jr., and Arthur F. Brookshire, jointly and severally, in the principal amount of $219,154.18 or those sums which the evidence may otherwise establish, plus (a) pre-judgment interest on each payment, (b) post-judgment interest on the entire sum until paid, and (c) any and all additional costs, expenses, and consultants' and attorneys' fees, all as provided by the terms and conditions of the GIA.

Respectfully submitted,

**PHILADELPHIA INDEMNITY INSURANCE COMPANY**

By Counsel

*/s/ Richard T. Pledger*
_____
Richard T. Pledger (VSB No. 28192)
Thomas J. Moran (VSB No. 71296)
Justin A. Thatch (VSB No. 92708)
WRIGHT CONSTABLE & SKEEN LLP
301 Concourse Boulevard
West Shore III, Suite 120
Glen Allen, VA  23059
Telephone:     (804) 362-8293
Facsimile:     (804) 441-9250
e-mail:        rpledger@wcslaw.com
               tmoran@wcslaw.com
               jthatch@wcslaw.com
*Counsel for Philadelphia Indemnity Insurance Company*