UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

**PHILADELPHIA INDEMNITY INSURANCE COMPANY,**

        **Plaintiff,**

v.                                                          Civil Action No.:  6:20-cv-00046-NKM

**TCM CONSTRUCTION, LLC, et al.,**

        **Defendants.**

## MOTION FOR JUDGMENT BY DEFAULT

The plaintiff, Philadelphia Indemnity Insurance Company ("PIIC"), by its undersigned counsel, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, moves for the entry of a judgment by default, jointly and severally, against defendants (1) TCM Construction, LLC ("TCM Construction"); (2) Ernest R. Nisser, Jr. ("Nisser"); and (3) Arthur F. Brookshire ("Brookshire"), all on the grounds and for the reasons set forth below.

    1.    PIIC filed its Complaint for Indemnity against the defendants on July 21, 2020 [DOC 1].

    2.    On July 25, 2020, TCM Construction was served with a copy of the Summons and Complaint via personal service on TCM Construction's registered agent in accordance with Va. Code § 8.01-299(1) and Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure. [DOC 7].

    3.    On July 25, 2020, Nisser was personally served with a copy of the Summons and Complaint in accordance with Rule 4(e)(2)(A) of the Federal Rules of Civil Procedure. [DOC 8].

    4.    On July 23, 2020, Brookshire was personally served with a copy of the Summons and Complaint in accordance with Rule 4(e)(2)(A) of the Federal Rules of Civil Procedure. [DOC 9].

5. The Court's docket entries [DOCs 7, 8, and 9] provide that TCM Construction and Nisser's responsive pleadings were due on or before August 17, 2020, and Brookshire's responsive pleadings were due on or before August 13, 2020.

6. On August 20, 2020, the Clerk entered defaults against the defendants, TCM Construction, LLC, Ernest R. Nisser, Jr., and Arthur F. Brookshire after their failure to file timely responsive pleadings. [DOC 11].

7. As of the date of this filing, none of these named defendants has filed responsive pleadings in this matter.

8. PIIC seeks to enforce its unconditional rights as surety under an indemnity agreement, and to compel the specific performance of the contractual obligations of TCM Construction, Mr. Nisser, and Mr. Brookshire to, among other things and upon demand, indemnify and save PIIC harmless by immediately reimbursing it for any and all losses, all in relation to contract payment and performance bonds it issued, as surety.

9. Under the terms and conditions of the General Indemnity Agreement ("GIA"), a copy of which is attached as **Exhibit A**, the Indemnitors, jointly and severally, are obligated to comply with all of the terms and conditions of the GIA, and to indemnify and save PIIC harmless from and against any and all liabilities, losses, damages, costs, charges, expenses, and attorneys' fees incurred as a result of the issuance of any bond on behalf of TCM Construction.

10. Under the terms and conditions of the GIA, each of the Indemnitors, jointly and severally, promised to:

> defend, indemnify, and save harmless [PIIC] from and against any and all demands, liabilities, costs, penalties, obligations, interest damages and expenses of whatever nature or kind, including but not limited to attorneys' fees and costs, and fees that [PIIC] may sustain or incur . . . in investigation of claims or potential claims, adjustment of claims, procuring or attempting to procure the discharge of Bond, or

> attempting to recover losses or expenses from Indemnitors or third parties, whether [PIIC] shall have paid out, or anticipates paying out any such sums.

GIA, ¶ 1 (Exhibit A).

11. To date, PIIC has paid losses on contract performance and payment bonds as follows: (1) PIIC paid $456,305.37 to Robertson Construction as the completion contractor, collected $311,693.24 in remaining contract funds from VDOT resulting in a net loss of $144,612.13 under the Performance Bond; (2) PIIC paid $11,051.24 to satisfy Bohling Steel, Inc.'s claim under the Payment Bond; (3) internal direct costs incurred by PIIC in the amount of $2,934.23. The Indemnitors have not indemnified PIIC for these losses. *See* DECLARATION OF WENDY CLIME.

12. In addition to these loss payments, PIIC has also incurred significant consultant's fees, costs and expenses and attorney's fees, costs, and expenses in investigating and handling the claims against the bonds and will continue to incur attorneys' fees, costs and expenses. Pursuant to the GIA, the Indemnitors are responsible for indemnifying PIIC for all consultant's fees, costs and expenses and attorney's fees, costs and expenses incurred by PIIC by reason of executing the contract performance and payment bonds. PIIC has incurred consultants' fees, costs and expenses in the amount of $38,094.58 from November 2018 through April 2020. PIIC also has incurred reasonable attorneys' fees, costs and expenses in the amount of $29,737.75 from October 15, 2018 through August 26, 2020. PIIC continues to incur attorneys' fees since August 26, 2020, which are the subject of the attached Declaration. *See* DECLARATION OF RICHARD T. PLEDGER (the invoices will be submitted to the Court for in camera review).

13. Due to the material breach of the obligations under the GIA, PIIC has suffered damages in the form of loss payments made under the contract performance and payment bonds,

internal direct costs, consultant's fees, costs, and expenses, and attorney's fees, costs and expenses. It will continue to be exposed to any and all future losses, including further attorney's fees, costs and expenses. PIIC respectfully requests that the Court, in its judgment order, specifically reserve PIIC's right to pursue any further indemnity which it may incur in the future.

14. In accordance with Rule 55(b)(2) of the Federal Rules of Civil Procedure, PIIC respectfully requests this Court enter judgment by default.

WHEREFORE, Philadelphia Indemnity Insurance Company seeks judgment against TCM Construction, LLC, Ernest R. Nisser, Jr., and Arthur F. Brookshire, jointly and severally, in the principal amount of $226,457.43 or those sums which the evidence may otherwise establish, plus (a) pre-judgment interest on each payment, (b) post-judgment interest on the entire sum until paid, (c) attorneys' fees, costs and expenses of $1,435.00 from August 27, 2020 through September 28, 2020, and (d) any and all additional costs, expenses, and consultants' and attorneys' fees, all as provided by the terms and conditions of the GIA.

Respectfully submitted,

**PHILADELPHIA INDEMNITY INSURANCE COMPANY**

By Counsel

*/s/ Justin A. Thatch*
_____
Richard T. Pledger (VSB No. 28102)
Thomas J. Moran (VSB No. 71296)
Justin A. Thatch (VSB No. 92708)
WRIGHT CONSTABLE & SKEEN LLP
301 Concourse Boulevard
West Shore III, Suite 120
Glen Allen, VA  23059
Telephone:    (804) 362-8293
Facsimile:     (804) 441-9250

e-mail: rpledger@wcslaw.com
tmoran@wcslaw.com
jthatch@wcslaw.com
*Counsel for Philadelphia Indemnity Insurance Company*

CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the Motion for Judgment by Default to which this certificate is attached was sent U.S. Mail this 28th day of September, 2020 to:

TCM Construction, LLC
Ernest J. Nisser, Jr., Registered Agent
2807 Pamplin Road
Pamplin, Virginia 23958

Ernest J. Nisser, Jr.
2807 Pamplin Road
Pamplin, Virginia 23958

Arthur F. Brookshire
7247 Hixburg Road
Pamplin, Virginia 23958

_____*/s/ Justin A. Thatch*_____
Justin A. Thatch

5