CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
10/4/2021
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>*Plaintiff*,<br><br>v.<br><br>TCM CONSTRUCTION, LLC, *et al*.,<br><br>*Defendants*. | CASE NO. 6:20-cv-00046<br><br>MEMORANDUM OPINION & ORDER<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiff Philadelphia Indemnity Insurance Company's ("PIIC") Motion for Default Judgment. Dkt. 12.

"Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails to plead or otherwise defend in accordance with the Rules." *United States v. Morandi*, 673 F.2d 725, 727 (4th Cir. 1982) (quotations omitted). The Clerk of Court's interlocutory "entry of default" pursuant to Fed. R. Civ. P. 55(a) provides notice to the defaulting party prior to the entry of default judgment by the court. *Carbon Fuel Co. v. USX Corp.*, 153 F.3d 719 (Table), 1998 WL 480809, at *2 (4th Cir. Aug. 6, 1998). After the entry of default, the non-defaulting party may move the court for "default judgment" under Fed. R. Civ. P. 55(b). Rule 55(b)(1) states that, "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has defaulted for not appearance and who is neither a minor nor an incompetent person." Rule 55(b)(2) states, in relevant part, that "[i]n all other cases, the party must apply to the court for a default judgment."

1

The Court has examined the pleadings, the service of process, and the record in this case. PIIC filed its complaint on July 21, 2020. Dkt. 1. Defendant TCM Construction, LLC was served with process on July 25, 2020. Dkt. 12 ¶ 2; Dkt. 7. Defendant Ernest R. Nisser, Jr. was also served with process on July 25, 2020. Dkt. 12 ¶ 3; Dkt. 8. Defendant Arthur F. Brookshire was served with process on July 23, 2020. Dkt. 12 ¶ 4; Dkt. 9. *See also* Dkt. 11 at 1 (providing dates of service of process). TCM Construction's and Nisser's responsive pleadings were due by August 17, 2020, and Brookshire's responsive pleading was due by August 13, 2020. *See* Dkts. 7–9; Dkt. 12 ¶ 5. None of the Defendants filed timely responsive pleadings. *See* Dkt. 12 ¶ 7. Thereafter, PIIC sought Clerk's Entry of Default against the Defendants, and the Clerk subsequently entered Clerk's Entry of Default against each of the Defendants. Dkts. 10, 11. To date, none of the Defendants have appeared, answered the complaint, or otherwise defended this action. Therefore, the Defendants are in default.

By failing to answer or otherwise respond, Defendants have admitted the allegations as fact in the complaint which are accepted as true, except for those relating to damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); Fed. R. Civ. P. 8(b)(6). Default judgment should be entered then if the well-pleaded allegations in the complaint are sufficient to state a claim upon which relief can be granted. *Proctor v. Edmonds*, No. 7:18-cv-87, 2020 WL 4735348, at *2 (W.D. Va. Aug. 14, 2020).

PIIC is a Pennsylvania corporation authorized to conduct business in Virginia as a surety, and PIIC serves as a bond surety for TCM Construction. Dkt. 1 ¶ 1. On August 11, 2017, PIIC, as surety, TCM Construction, as principal and corporate indemnitor, and Nisser and Brookshire in their individual capacities as personal indemnitors, executed a General Indemnity Agreement

(the "Agreement"). *Id.* ¶¶ 7–9; Dkt. 1-1. In paragraph 1 of the Agreement, TCM Construction, Nisser and Brookshire, as indemnitors, agreed to

> defend, indemnify, and save harmless Surety [PIIC] from and against any and all demands, liabilities, costs, penalties, obligations, interest, damages and expenses of whatever nature or kind, including but not limited to attorneys' fees and costs and fees that Surety may sustain or incur … in investigation of claims or potential claims, adjustment of claims, procuring or attempting to procure the discharge of Bond, or attempting to recover losses or expenses from Indemnitors or third parties, whether Surety shall have paid out, or anticipates paying out any such sums ….

Dkt. 1-1 ¶ 1; *see also* Dkt. 1 ¶ 10.

Relying on the terms of the Agreement, PIIC issued a Payment Bond and a Performance Bond, each naming TCM Construction as principal and co-obligor, and the Virginia Department of Transportation ("VDOT") as obligee. Dkt. 1 ¶ 11; Dkt. 12-2 ¶ 5; Dkt. 1-2 (Performance Bond); Dkt. 1-3 (Payment Bond) (collectively, the "Bonds"). PIIC issued the Bonds in connection with TCM Construction's contractual obligations to VDOT concerning a construction project, identified as the "VDOT Lynchburg District Shop Building Safety Stair Upgrades Project," (the "Project"). Dkt. 1 ¶ 12.

On July 13, 2018, VDOT issued a Notice of Termination for Cause, terminating TCM Construction's right to complete the Project. Dkt. 1 ¶ 13. At first, PIIC sought to use TCM Construction as its "completion contractor." Id. ¶ 14. But VDOT refused to consent to TCM Construction. Id. PIIC thereafter executed a Takeover Agreement with VDOT, and a Completion Contract with Hancock Fuqua Robertson, Inc. ("Robertson Construction"). Id. ¶ 15. The Project is now completed. Id.; see also Dkt. 12-2 ¶ 7 (Clime Decl.).

On the Performance Bond, PIIC asserts that it paid $456,305.37 to Robertson Construction as the completion contractor, which, following collection of $311,693.24 in remaining contract funds from VDOT, resulted in a net loss of $144,612.13 to PIIC under the

3

Performance Bond. Dkt. 12 ¶ 11; Dkt. 12-2 ¶ 10 (attesting to amount of loss); Dkt. 1 ¶ 21. On the Payment Bond, PIIC asserts that it paid $11,051.24, resulting in a loss of that amount to PIIC, to satisfy Bohling Steel, Inc.'s claim under the Payment Bond. Dkt. 12 ¶ 11; Dkt. 12-2 ¶¶ 8, 10; Dkt. 1 ¶ 17.

PIIC further attests that it incurred "internal direct costs" of $2,934.23, consultants' fees, costs and expenses amounting to $38,094.58, and attorneys' fees, costs and expenses amounting to $29,737.75. Dkt. 12 ¶ 12; Dkt. 12-2 ¶ 10. PIIC demanded that Defendants reimburse it for these sums, as PIIC asserts they were required to do under the Agreement, but they have failed to do so. Dkt. 12-2 ¶¶ 11–12. PIIC also asserts that it will continue to be exposed to future losses, including further attorneys' fees, costs and expenses. Dkt. 12 ¶ 13.

PIIC's complaint against Defendants raises a single claim for breach of contract. Dkt. 1 ¶¶ 24–27. "The elements for breach of contract in Virginia are '(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation.'" *Jones v. Fulton Bank, N.A.*, 565 F. App'x 251, 252 (4th Cir. 2014) (quoting *Filak v. George*, 594 S.E.2d 610, 614 (Va. 2004)). These elements are satisfied.

First, the Agreement is a valid, legally enforceable obligation, executed and entered into on August 11, 2017, between PIIC, as surety, TCM Construction, as principal and corporate indemnitor, and Nisser and Brookshire in their individual capacities as personal indemnitors. *See* Dkt. 1-1 ¶ 1; Dkt. 1 ¶ 10; Dkt. 12-2 ¶¶ 3–4. The Agreement included Defendants' agreement to "defend, identify, and safe harmless" PIIC, "from and against any and all demands, liabilities, costs, penalties, obligations, interest damages and expenses of whatever nature or kind," as specifically set forth above. Dkt. 1-1 ¶ 1; *see also* Dkt. 1 ¶ 10; Dkt. 12-2 ¶ 4. Relying on the

terms of the Agreement, PIIC issued the Bonds, each naming TCM Construction as principal and co-obligor, and VDOT as obligee. *See* Dkt. 1 ¶ 11; Dkt. 12-2 ¶ 5; Dkt. 1-2; Dkt. 1-3. PIIC has fulfilled its obligations as TCM Construction's surety and in doing so, as sustained losses under the Bonds. Dkt. 12-2 ¶ 9.

Second, despite the demand by PIIC to do so, Defendants as indemnitors have "failed" or "refused to honor their contractual obligations to collateralize, reimburse, and indemnify and hold PIIC harmless," as required by the Agreement. *See, e.g.*, Dkt. 12-2 ¶ 11.

Third, to date, PIIC has suffered damages in the amount of $226,457.43 for actual losses, including consultants' fees, costs, and expenses of $38,094.58, and attorneys' fees, costs, and expenses of $29,765.25 through August 26, 2020, which were suffered and incurred by PIIC on account of Defendants' refusal to honor the terms of their commitments under the Agreement. The Court finds the amount of attorneys' fees, costs, and expenses incurred to be reasonable in connection with the scope of such work. *See* Dkt. 12-2 ¶¶ 10, 13.

For these reasons, the Court has granted PIIC's Motion for Default Judgment. Dkt. 13. Accordingly, the Court will, and the Clerk is direct to, **enter judgment in favor of PIIC**, and against Defendants, in the amount of **$226,457.43**. That sum includes an award of **$29,765.25** in attorneys' fees, costs, and expenses.

The Clerk of the Court is directed to send this Memorandum Opinion & Order to the parties.

It is so **ORDERED**.

Entered this 4th day of October, 2021.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE